UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS EDUARDO SERRANO-MENOSCAL,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.:  18-cv-2370-BEN<br>          17-cr-1584(3)-BEN<br><br>**ORDER** |

Movant has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion is filed timely and the motion is denied.

BACKGROUND

Movant pleaded guilty pursuant to a plea agreement and was convicted of conspiracy to distribute cocaine intended for unlawful importation in violation of 21 U.S.C. § 959, 960 and 963. Movant and his two co-defendants were interdicted while transporting 578 kilograms of cocaine on a 32-foot panga-style vessel in the Eastern Pacific Ocean. According to the PSR, Movant was the pilot of the boat at the time of arrest and refused to slow the boat when ordered by U.S. Coast Guard officers. Instead, Movant increased the speed of the boat and attempted to elude the officers while co-conspirators threw bales of cocaine overboard, requiring officers to fire live ordinance to render the engines inoperable. All three co-conspirators were arrested, charged, and pleaded guilty. Movant was sentenced to 108 months. One co-conspirator received a shorter sentence and one received a longer sentence. Only Movant seeks to collaterally attack his sentence. Movant now asserts claims of ineffective assistance of counsel.

1

## LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).  If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing.  *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).  That is the case here.

## DISCUSSION

To prevail on an ineffective assistance of counsel claim, a defendant must show that his attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984).  There is a "strong presumption" that counsel's conduct is reasonable, *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995), and "[r]eview of counsel's performance is highly deferential."  *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986).  To establish "prejudice" under *Strickland's* second prong, a petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).  Movant has not established either prong of the *Strickland* requirements.

In this case, the Court notes that without the plea agreement, Movant faced a minimum mandatory 10-year sentence, if convicted.  Now, he claims that his attorney promised him a 60-month sentence and that this was bad advice constituting ineffective assistance of counsel.  Importantly, Movant does not claim that he would have declined a plea agreement and gone to trial, had he better understood his sentencing exposure. Movant does not claim that he was actually innocent or that he had a viable defense.  The facts against him were strong and the government's case was solid.

     The Court notes that the PSR calculated Movant's Guideline range to be 210 to 260 months with a minimum mandatory term of 120 months.  Because Movant agreed to plead guilty, he benefited from a very low 84-month sentencing recommendation from the government.   Movant also enjoyed the possibility of qualifying for safety valve relief – an opportunity Movant welcomed.  As a result of entering the plea agreement, the Government calculated the Guideline range with a two-level reduction of safety valve and a three-level reduction for acceptance of responsibility.  The government's resulting Guideline range was 135 to 168 months.  Movant likewise calculated his Guideline range as 135 to 168 months.  Because of the safety valve, it also became possible for Movant to receive a sentence below the 10-year minimum mandatory sentence.  As mentioned above, ultimately, this Court imposed a sentence of 108 months.  The sentence was 27 months below the low end of the Guideline range of 135 to 168 as agreed to by the Movant and the government and far below the Guideline range of 210 to 262 months set out in the PSR.

     Moreover, Movant's assertion that his attorney promised a 60-month sentence is belied by the record.  The Plea Agreement is bereft of such language and warned the Movant that the sentence was ultimately up to this Court.  During the plea colloquy, the Magistrate Judge explicitly informed Movant that he faced a minimum mandatory sentence of 10 years.  Yet, Movant did not indicate surprise.  Movant did not ask for clarification.  Movant did not object that it was twice as long as his attorney had advised.  Likewise, at the sentencing hearing, when Movant was invited to allocate, he said nothing about misunderstanding the plea deal.  After sentence was imposed, This Court directly asked Movant whether he agreed to waive appeal and collateral attack.  He said nothing about the sentence just imposed being different than what his attorney had promised or that the government had promised.  There is no declaration from his attorney that she had promised any length of sentence.  There are no attorney file notes or declarations from others that might substantiate Movant's claim.

To sum up, Movant received great benefit from entering the plea agreement that his attorney had obtained from the government. There is nothing to overcome the presumption that his attorney's performance was effective. *Hendricks*, 70 F.3d at 1036. Even assuming, for the sake of argument, that the performance prong was established, Movant has not claimed or proven the prejudice prong as required by *Hill*, 474 U.S. at 56-57. Both prongs must be satisfied for relief. Neither prong has been established.

## CONCLUSION

Movant's claims are denied without hearing because they neither establish a debatable claim of ineffective performance nor resulting prejudice.

The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

## No Certificate of Appealability

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). This Court finds that Movant has not made the necessary showing. A certificate of appealability is therefore DENIED.

IT IS SO ORDERED.

DATED: May 8, 2020

_____
HON. ROGER T. BENITEZ
United States District Court Judge

4